IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JARRELL FALAS NOWLIN,               *

      Plaintiff,                           *

          v.                               *         Civil Action No. RDB 10-134

THRIFT SAVINGS PLAN, *et al.*,       *

      Defendants.                     *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Jarrell Falas Nowlin ("Plaintiff"), proceeding *pro se*, brings this action against the Federal Retirement Thrift Investment Board ("Investment Board") and the Thrift Savings Plan ("TSP") (collectively, "Defendants") seeking declaratory relief so that he may withdraw money from his TSP account, a tax-deferred federal retirement program, without his wife's consent. Nowlin claims that he is entitled to a waiver of the spousal consent requirement because at the time he sought his spouse's consent there was a protective order against him prohibiting Plaintiff from contacting his wife. Nowlin contends that the protective order constitutes an "exceptional circumstance" that justifies the waiver. Defendants move for summary judgment, arguing that the existence of a protective order does not warrant waiver of the spousal consent rule. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motion for Summary Judgment (ECF No. 23) is GRANTED.

BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

**A.     In-Service Withdrawals from a Federal Thrift Savings Plan**

Plaintiff Jarrell Nowlin, an employee of the National Security Agency, contributes a portion of his salary to the Thrift Savings Plan under the Federal Employees' Retirement System. 5 U.S.C. § 8472. The TSP is a defined contribution retirement savings plan akin to a private sector deferred compensation arrangement commonly referred to as a 401(k) plan. *See* I.R.C. § 7701(j); *see also* 5 U.S.C. § 8440. The money a federal employee contributes to his or her TSP is held in trust by the Federal Retirement Thrift Investment Board. 5 U.S.C. § 8437(g). The Investment Board sets the policies for the investment and management of the TSP and is authorized to issue regulations necessary to carry out the TSP program. 5 U.S.C. § 8474(b)(5).

An "in-service withdrawal" is a withdrawal made from a TSP account while the holder is still actively employed by the federal government. Summ. J. Mem. Ex. 14. There are two types of in-service withdrawals an employee may make: (1) an age-based withdrawal, and (2) a financial-hardship withdrawal. *Id*. An age-based in-service withdrawal is a one-time withdrawal that may be made by active federal employees who are 59½ years old or older. *Id*. A financial hardship in-service withdrawal, the type of withdrawal at issue in this case, may be made by active federal employees who have financial needs that meet certain requirements, such as negative monthly cash flow or unpaid and uncovered medical expenses. *Id*.

### B. Spousal Consent Requirement to In-Service Withdrawals

The spouse of a federal employee who participates in the Federal Employees' Retirement System is entitled to a joint and survivor annuity. 5 U.S.C. § 8435. To protect a spouse's entitlement to this money, the Federal Employees' Retirement System Act requires spousal consent to in-service withdrawals. 5 U.S.C. § 8435(e)(1)(A). Thus, a married federal employee may only make an in-service withdrawal if his or her spouse waives, by written, notarized consent, any right the spouse has to a joint and survivor annuity. *Id*. This consent is required even if the federal employee and his or her spouse are separated, and is only waived if (1) the spouse's whereabouts are unknown, or (2) there are "exceptional circumstances." 5 U.S.C. § 8435(e)(1)(C). In order to prove that "exceptional circumstances" exist, a withdrawal request must be supported by a court order or government agency determination that:

> (A) Indicates that the spouse and the participant have been maintaining separate residences with no financial relationship for three or more years;
>
> (B) Indicates that the spouse abandoned the participant, but for religious or similarly compelling reasons, the parties chose not to divorce; or
>
> (C) Expressly states that the participant may obtain a loan from his or her TSP account or withdraw his or her Thrift Savings Plan account balance notwithstanding the absence of the spouse's signature.

5 C.F.R. § 1650.64(a)(2)(ii). Notably, exceptional circumstances are "narrowly construed." *Id*.

### C. Protective Order against Plaintiff

Plaintiff Jarrell Nowlin is married to Kathleen Mary Nowlin ("Mrs. Nowlin"). On March 17, 2009, the Circuit Court of Maryland for Anne Arundel County found there were reasonable grounds to believe that Plaintiff had assaulted Mrs. Nowlin. Summ. J. Mem. Ex. 1. Accordingly, the Circuit Court issued a temporary protective order prohibiting Plaintiff from, among other things, contacting Mrs. Nowlin. *Id*. This temporary protective order expired on

March 24, 2009, when the Circuit Court held a final protective order hearing. *Id*. Following the hearing, the Circuit Court issued a final protective order that continued to prohibit Plaintiff from contacting Mrs. Nowlin. Summ. J. Mem. Ex. 5. The final protective order expired on March 24, 2010.

### D. Plaintiff Seeks Financial Hardship In-Service Withdrawals

On March 19, 2009, Plaintiff requested a financial hardship in-service withdrawal from his TSP in the amount of $57,100. Summ. J. Mem. Ex. 2. Plaintiff submitted an application for a waiver of the spousal consent requirements with this request, but did not provide any explanation or evidentiary support for his waiver application. Summ. J. Mem. Ex. 3. That same day, the Investment Board verbally informed Plaintiff that he needed a court order or other paperwork to support his application for the waiver. *Id*. Ex. 4. Plaintiff did not continue to pursue this waiver application. Instead, he submitted a second request for a financial hardship in-service withdrawal on March 26, 2009 for essentially the same amount that *included* Mrs. Nowlin's notarized consent, which Plaintiff obtained through his wife's lawyer. *Id*. Exs. 6, 7. On April 1, 2009, the Investment Board issued a formal denial of Plaintiff's March 19, 2009, request for a waiver of the spousal consent requirements for lack of documentation. *Id*. Ex. 8. At the same time, the Investment Board granted Plaintiff the maximum financial hardship withdrawal allowed based upon his March 26, 2009 request that included his wife's signed consent. *Id*. Exs. 9-10.

On October 9, 2009, Plaintiff requested another financial hardship in-service withdrawal, this time in the amount of $4,483. Summ. J. Mem. Ex. 11. Plaintiff filed an application for a waiver of the spousal consent requirements with this request, and included an explanation that he

4

was prohibited from contacting his wife by the Circuit Court's final protective order. *Id*. On October 21, 2009, the Investment Board denied Plaintiff's request for an exception to the spousal consent requirement, explaining that Plaintiff must "either ask the court to allow you to contact your spouse in order to transact business on your TSP account or to waive the requirement for spousal consent." *Id*. Ex. 13.

On November 13, 2009, Plaintiff filed suit against TSP and the Investment Board in the Circuit Court for Anne Arundel County, asking that the Circuit Court order the Investment Board to allow him to withdraw $4,483 from his TSP account without spousal consent. ECF No. 2. On January 15, 2010, Defendants removed this case to this court pursuant to 5. U.S.C. § 8477(e)(7)(A), which gives federal courts exclusive jurisdiction over civil actions against the Investment Board. ECF. No. 1. On March 9, 2010, Defendants moved for summary judgment. ECF No. 23.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant

5

submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

Defendants argue that the final protective order issued against Plaintiff does not justify the waiver of the spousal consent requirement because it does not constitute "exceptional circumstances." The Investment Board has consistently taken the position that protective orders do not warrant an exception to the spousal consent requirement. For example, the booklet provided to federal employees that explains when a TSP participant may make in-service withdrawals states that the fact "that there is a separation agreement, a prenuptial agreement, a *protective order*, or a divorce petition does not in itself support a claim of exceptional circumstances." Summ. J. Mem. Ex. 14 at 16 (emphasis added). Furthermore, the TSP Legal Processing Unit Procedures states that protective orders "generally do not qualify [as exceptional circumstances] unless they specifically bar any 'indirect' contact or 'contact through a third

6

party'" and that if a protective order has an expiration date, "it must expire at least 1 year after the date on the [request for spousal consent waiver] to be considered valid for an exception." Summ. J. Mem. Ex. 15 at § 8.7. These procedures also explain that if a protective order "is issued due to the participant's own wrong-doing, the restraining order will not be valid for TSP purposes." *Id.*

In this case, the final protective order at issue did not constitute exceptional circumstances that justified waiving the spousal consent requirement. The Investment Board's rejection of Plaintiff's October 8, 2009 request for a waiver to the spousal consent requirement was reasonable and entirely in line with the Board's stated practices. The final protective order Mrs. Nowlin obtained did not specifically bar Plaintiff from indirectly contacting his wife or from contacting her through a third party. Indeed, on March 26, 2009, just two days after the final protective ordered became effective, Plaintiff was able to obtain his wife's notarized consent through her attorney for his initial in-service withdrawal. Furthermore, the protective order expired on March 24, 2010, less than one year after the date Plaintiff requested the waiver. Thus, there is nothing preventing Plaintiff at this time from directly contacting his wife to request her consent for the withdrawal.

Finally, the Investment Board's explanation to Plaintiff that it "would be inappropriate for your spouse to lose this right [to consent to Plaintiff's in-service withdrawal] because your misconduct prohibits you from contacting him/her" was appropriate given the stated TSP procedures that a participant may not benefit from his own wrong-doing. Though Plaintiff contends that the Investment Board's statement constitutes "accusations of misconduct without knowledge of the facts," the Circuit Court found in its March 17, 2009 temporary protective

7

order that there were reasonable grounds to believe that Plaintiff had assaulted his wife. In sum, the existence of a protective order should not be used to deprive a spouse of her rights under the Federal Employees' Retirement Act. Accordingly, this Court declines to grant Plaintiff declaratory relief and grants summary judgment in favor of Defendants.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 23) is GRANTED.

A separate Order follows.

Dated: December 15, 2010  /s/_____
Richard D. Bennett
United States District Judge